IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sergio Donte Latimer, #227614, | C/A No. 4:22-cv-626-JFA-TER |
| Petitioner, | |
| v. | **ORDER** |
| Administrator, Greenville County Detention Center, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner, proceeding *pro se*, brings this action as a state pre-trial detainee requesting habeas relief. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a Magistrate Judge for initial review.

After receiving and reviewing Petitioner's initial pleadings, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this action should be summarily dismissed without prejudice and without requiring the respondent to file a return. (ECF No. 13). Petitioner filed objections on April 1, 2022. (ECF No. 16). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P.

1

72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.*

(citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.   DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 13). In response to the Report, Petitioner submitted a filing in which he reiterates his qualms with his current ongoing state criminal proceedings. (ECF No. 16). For instance, Petitioner states that "I don't understand why me and others inmates rights can be violated but no one has to be held responsible. It's not right or not fair." (Written as it appears) (ECF No. 16, p. 2).

The Magistrate Judge based his recommendation of dismissal on the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) and the absence of any "special circumstances" which would justify federal review.

Petitioner's objections make no reference to these findings in the Report or otherwise address the conclusion that this action should be dismissed. Accordingly, Petitioner has failed to put forth any argument that, even when construed liberally, can reasonably be considered a specific objection.

In summation, Petitioner's filing fails to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Petitioner feels has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007

3

WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Petitioner has failed to offer any specific objections which would allow for a de novo review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

### IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 13). Consequently, this action is summarily dismissed without prejudice and without requiring the respondent to file a return.

IT IS SO ORDERED.

April 13, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge